## UNITED STATES v. LARKIN.

(Circuit Court of Appeals, Sixth Circuit. April 5, 1907.)

No. 1,595.

1. CUSTOMS DUTIES—PROCEEDING FOR FORFEITURE OF SMUGGLED GOODS—JURISDICTION.

Jurisdiction of a proceeding for the forfeiture of smuggled goods exists only in the district of seizure, which is the district in which the goods, if on land, are found; a collector cannot, by carrying them into another district and there making the formal seizure, confer jurisdiction of the proceeding on the court in such district.

2. PLEADING—NEGATIVE PREGNANT.

Pleas which are evasive or double are bad, and a negative pregnant is not a good plea for any purpose.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 202-205, 261-263.]

Appeal from the District Court of the United States for the Northern District of Ohio.

This is a proceeding to declare the forfeiture of certain valuable jewelry alleged to have been fraudulently smuggled into the United States, through the port of New York, on June 10, 1902, by one Cassie L. Chadwick. The information contains the usual and requisite averments touching the intentional and fraudulent importation with intent to cheat and defraud the revenue of the United States, and then avers that the property so smuggled had been seized by Charles F. Leach, collector of the Northern District of Ohio, within said district, on May 19, 1905. Adrian H. Larkin, being interested as a claimant, came in and entered his appearance for the sole purpose of denying the jurisdiction of the court below to entertain jurisdiction of any proceeding for the forfeiture of said property. To this plea a demurrer was filed which, upon argument, was overruled. A reply to the plea was then filed, and to this reply the claimant demurred. This demurrer was sustained. The government declined to amend or further plead. The court sustained the plea, and dismissed the information. From this judgment, the United States have appealed, and assigned error.

John J. Sullivan, for the United States.
A. C. Dustin, for defendant.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge (after stating the case). The articles against which this forfeiture proceeding was begun were illegally imported through the port of New York. Subsequently, they were found in the city of New York and in the possession of the claimant as bailee. These jewels had been pledged by the owner and importer, Mrs. Cassie L. Chadwick, to one J. W. Friend, and Friend placed them in the custody of Adrian H. Larkin, as bailee and attorney. Friend, learning that a claim had been made that same had been illegally and surreptitiously imported through the port of New York by the pledgor, visited the Secretary of the Treasury and made disclosure of his

possession of same and his rights, and, as averred by the plea, made an agreement with the Secretary that same should be kept in the city of New York, open to the inspection and examination of any official of the department. Friend, not being himself a resident of New York, placed them in the custody of the claimant, with authority to conduct any transactions with the Treasury Department growing out of the claim that same may have been fraudulently imported. At the request of the department, Mr. Leach, collector of the port of Cleveland, went to New York for the purpose of examining the jewelry and determining by inspection whether same had been illegally imported, and whether it was subject to seizure and forfeiture. He accordingly applied to Larkin to be allowed an inspection, and this was permitted. The plea then states that Leach "informed said Larkin that certain of said jewelry had not been wrongfully imported, and that he did not care to make further examination thereof, but that certain of said pieces he was in doubt about, and would like to exhibit them to a person, located in New York City, who was expert in such matters, for his opinion, and asked permission to take said jewelry away from the office of said Larkin for that purpose, he promising and agreeing to return said property to said Larkin, at his office in New York City, on the afternoon of that same day. Thereupon, said Larkin, relying upon said promise and agreement of said Leach, delivered said property into his possession and custody, receiving from said Leach a receipt therefor in writing, a true copy of which is hereto attached and marked "Exhibit A," and made a part hereof.

The receipt referred to is in these words:

"New York, March 14, 1905.

"Received of A. H. Larkin, attorney for J. W. Friend, the following pieces of jewelry, for examination and identification:

"1 Marquise (single stone) diamond ring.

"1 ruby and diamond ring.

"1 diamond ring, about three karats, off color diamond.

"1 ring set with two cabochin rubies and sixteen diamonds.

"2 earrings set with two karat diamond and small pear-shaped diamond pendants.

"1 Marquise (canary) diamond ring.

"1 ring set with diamonds in shape of shield.

"2 empty settings.

"1 ring set with diamond in shape of shield.

"1 ring set with two five-karat diamonds, twelve diamonds in shank.

"1 six-karat diamond (white) ring.

"1 seven-stone pearl ring.

"2 opal stick pins.

"1 chatelaine watch.

"1 brooch (one oval opal) surrounded by eight diamonds and small spr. rubies.

"1 card case set with jewels.

"[Signed]        Chas. F. Leach, Collector of Customs."

It is then averred that said Leach, in violation of his agreement, carried same to Cleveland. That from there he returned certain pieces of the lot to Larkin, as not subject to seizure, and seized the remainder at Cleveland, as having been illegally imported, and then caused this proceeding to be instituted in the District Court for the Northern District of Ohio. To this plea the district attorney replied. So far

as this relates to the promise or agreement under which the collector received the property here involved, it is in these words:

"That after an examination of the jewelry aforementioned, the said collector informed the said Adrian H. Larkin that he was in doubt as to which specific articles of jewelry and merchandise were unlawfully imported, and that it would be necessary for him to take such articles as to which he was in doubt and further examine them as to whether or not they had been unlawfully imported; and thereupon the said Charles F. Leach received into his care certain of the said articles of jewelry and merchandise, and gave to the said Adrian H. Larkin a receipt for the same, a copy of which is set forth in the plea to the jurisdiction herein filed."

"Plaintiff further says, that it denies that the said Charles F. Leach, collector as aforesaid, promised to the said Adrian H. Larkin that he would immediately return the said articles of jewelry and merchandise which he thus received into his care, and plaintiff further denies that he took said jewelry into his care merely to submit it to an expert in New York for valuation, or that he said to said Larkin, or any other person, that such was his purpose or intention. But plaintiff says that only in the city of Cleveland, Ohio, could the said collector of customs, Charles F. Leach, ascertain which of said articles were unlawfully imported, and that, with consent of the said J. W. Friend, the said Charles F. Leach brought the said articles of jewelry and merchandise to Cleveland, and that he there made a careful investigation and ascertained that certain of the said articles of jewelry and merchandise which he had thus brought from New York were not unlawfully imported, and these articles of jewelry and merchandise he forthwith returned to the said J. H. Larkin, at New York; the remaining articles of jewelry and merchandise—that is to say, those mentioned in the information herein filed—he ascertained were unlawfully imported, and thereupon—that is to say, on the 19th day of May, 1905, in Cleveland, Ohio—he did seize the said articles of jewelry and merchandise mentioned in the said information, and did claim title in the same for the plaintiff, the said United States."

The reply is ambiguous. The averment is that he promised to return the jewelry to the claimant upon the "afternoon" of the day he received it. The reply is a denial that he promised to "immediately return the said articles." It is that form of pleading which is styled a "negative pregnant," an admission that he received same under a promise to return same and a tender of an issue as to whether his promise was to return same immediately. The averment was that he received the jewelry under a statement that he wished to submit same to an expert in the city. The reply is that he did not take it into his custody "merely to submit to an expert in New York for valuation." The question is not whether he entertained a purpose not expressed, but whether he did not promise to return same when he had carried out the purpose for which he had requested possession. The reply is evasive and does not deny the substantial averments of the plea. "The law refuseth double pleading," said Lord Hobart, in Slade v. Drake, Hob. 295, "and negative pregnants, though they be true, because they do inveigle and do not settle judgment upon one point." Stephen on Pleading (Heard's) *381, 382. We quite agree with the court below that under the circumstances of this case, these jewels were not subject to seizure in Cleveland, but should have been seized in the district of New York. The articles were found in the latter district and should have been there seized.

Section 3072, Rev. St. [U. S. Comp. St. 1901, p. 2011], is supposed to confer general authority upon every collector to make seizures of property both within and without his district, if he has ground for

believing same subject to seizure. No construction of this section has been found, save that by Judge Benedict, in the case of The Joshua Leviness, 9 Ben. 339, Fed. Cas. No. 7,549, where that learned judge expressed the view that the authority to make seizure without the district is of merchandise found upon a vessel seized under section 3059, Rev. St. [U. S. Comp. St. 1901, p. 2006]. We need express no opinion upon this subject. But there is no authority which authorizes a collector who finds smuggled property in one district to carry it into another for the purpose of changing the situs of seizure and adjudication. Section 3086, Rev. St. [U. S. Comp. St. 1901, p. 2015], provides that when an article is seized it shall be placed "in the custody of the collector or other principal officer of the customs of the district in which the seizure shall be made, to abide adjudication by the proper tribunal. * * * "

The district of seizure is the district in which the suspected article, if merchandise on land, is found. The proper district for an adjudication of forfeiture is the district in which the seizure was made. The Abby, 1 Mason, 360, Fed. Cas. No. 14; Four Packages v. United States, 97 U. S. 404, 24 L. Ed. 1031. These articles were found in the Southern District of New York. If, as now claimed, the collector for the Northern District of Ohio had authority to seize them wherever found, he should have seized them where in fact he found them, and then placed them in the custody of the collector of the port of New York, to hold until adjudication. But he neither seized the jewels, unless his breach of trust in not returning them as he promised to do, be regarded as an official seizure, nor returned them to the possession of the claimant, but carried them to his own district and there went through the form of a seizure. That he took them to his own district in order to determine whether they were subject to seizure, cannot affect the question of jurisdiction. They had been found in New York, and should have been seized there. The fact that evidence important to identify them was in Cleveland, and that it was necessary to carry the jewels to that point for identification, should not, under the circumstances of this case, affect the jurisdiction of seizure and adjudication. When Leach received these jewels, he did so as a collector. So ran his receipt. If he carried them out of the district where they were found for the purpose of identification, he did so in breach of his agreement and should not be suffered to say now that he "found" them in Cleveland and there seized them.

Judgment affirmed.